ON APPELLEES’ MOTION TO DISMISS
PER CURIAM.
The mother appeals from an order which found her daughter to be dependent pursuant to Chapter 39, Florida Statutes. The maternal grandparents were given custody of the child. The trial court ordered the mother to have an evaluation, attend all recommended therapy and to have supervised visitation with her daughter. In addition, the mother was ordered to obtain and maintain stable employment and suitable housing for a reasonable length of time.
The grandparents now move to dismiss this appeal asserting that the mother has failed to comply with the terms of the trial court’s order. Appellees assert that the mother has left the State of Florida and has made no effort to reunite herself with the child. Appellees attach an affidavit from the HRS case worker attesting to the fact that the mother has not complied with the trial court’s order. The grandparents attach their own affidavits to support their allegation that the mother has had no visitation with her daughter.
Counsel for appellant moves to strike the motion to dismiss. This motion shall be treated as a response. Appellant argues that she has not intentionally abandoned her appeal and asserts that she has maintained contact with her child. Appellant states that the motion to dismiss is untimely because the order of the trial court contained no time restraint or restriction for compliance. Appellant asserts that if she has left the jurisdiction, that does not suggest that she is in deliberate noncompliance with the trial court’s order. She asserts that a dismissal at this stage will interfere with her fundamental rights as a parent.
We have determined that, the request for dismissal to this court is premature. There has been no evidentiary ruling made to support appellees’ argument that the mother has failed to comply with the trial court’s order. Accordingly, jurisdiction is relinquished to the trial court for 30 days to determine if appellant has deliberately *819 disobeyed the order of the trial court. Following the trial court’s ruling, appellees may then return to this court and seek dismissal based on that adjudication.
IT IS SO ORDERED.
JOANOS, C.J., and ERVIN and ZEHMER, JJ., concur.